FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

29 Jan. 2021 7:46 AM lrs

Michelle Rynne, Clerk of Court

1   VEE LEE
2   544 Portlock Road
3   Honolulu, Hawaii 96825
4   Telephone No: (808) 469-7359
5   Email: Vee@VeeVee.com
6
7   **Defendant Per se**
8
9
10              IN THE UNITED STATES DISTRICT COURT

11                  DISTRICT OF HAWAI'I

| | |
|---|---|
| RENEAU C. KENNEDY Ed. D <br> Plaintiff, <br><br> vs. <br><br> VEE LEE <br> Defendant, | )   Civil No. 20-00563-DKW-KJM <br> ) <br> )   **DEFENDANT VEE LEE'S FIRST** <br> )   **AMENDED ANSWER TO** <br> )   **PLAINTIFF'S COMPLAINT;** <br> )   **DEFENDANT'S** <br> )   **COUNTERCLAIMS; EXHIBIT** <br> )   **"1"; VERIFICATION;** <br> )   **JURY TRIAL DEMANDED** <br> ) <br> )   Complaint Filed: December 21, 2020 |

12

13       <u>**DEFENDANT VEE LEE'S FIRST AMENDED ANSWER TO**</u>

14        <u>**PLAINTIFF'S COMPLAINT COUNT I THROUGH IX**</u>

15       Defendant Vee Lee ("Defendant") respectfully file with this court

16   Defendant's first amended answers to the Complaint of Reneau C. Kennedy

17   Ed.D ("Plaintiff") as follows:

18

19

1         **JURISDICTION AND VENUE**

2         1. Defendant denies as untrue the allegations contained in Paragraph

3    1, and specifically denies that Plaintiff has trademarks and/or registered

4    marks with the United States Patent and Trademark Office as of January

5    29th, 2021. Plaintiff exhibit "P" pleads evidence for trade names for use in

6    the state of Hawaii.

7         2. Defendant admits that venue is proper. Defendant denies any

8    remaining allegations of paragraphs 2.

9         3. Defendant admits the allegation contained in Paragraph 3.

10        4. Defendant admits the allegation contained in Paragraph 4.

11        **PARTIES**

12        5. Defendant admits the allegation contained in Paragraph 5.

13        6. Defendant admits the allegation contained in Paragraph 6.

14        7. Defendant admits the allegation contained in Paragraph 7 that

15   Defendant uses aliases to post opinions.

16        **FACTS COMMON TO ALL COUNTS**

17        8. Defendant is without knowledge or information sufficient to form a

18   belief as to the truth of the allegations of Paragraph 8, and therefore denies

19   them.

1      9. Defendant is without knowledge or information sufficient to form a

2   belief as to the truth of the allegations of Paragraph 9, and therefore denies

3   them.

4      10. Defendant is without knowledge or information sufficient to form

5   a belief as to the truth of the allegations of Paragraph 10, and therefore

6   denies them.

7      11. Defendant is without knowledge or information sufficient to form

8   a belief as to the truth of the allegations of Paragraph 11, and therefore

9   denies them.

10      12. Defendant is without knowledge or information sufficient to form

11   a belief as to the truth of the allegations of Paragraph 12, and therefore

12   denies them.

13      13. Defendant is without knowledge or information sufficient to form

14   a belief as to the truth of the allegations of Paragraph 13, and therefore

15   denies them.

16                    **FAMILY COURT PROCEEDINGS**

17      14. Defendant admits to allegation contained in Paragraph 14.

18      15. Defendant admits to allegation contained in Paragraph 15.

1    16. Defendant is without knowledge or information sufficient to form

2    a belief as to the truth of the allegations of Paragraph 16, and therefore

3    denies them.

4    17. Defendant admits the allegation contained in Paragraph 17.

5    18. Defendant admits the allegation contained in Paragraph 18.

6    19. Defendant admits the allegation contained in Paragraph 19.

7    20. Defendant admits that on September 23rd, 2019, Honorable John

8    Bryant Jr. depended heavily on Plaintiff's testimony, report, and

9    recommendations to issue an order awarding Defendant's ex-husband Mr.

10    Jones of temporary full custody of their three children (collectively the

11    "Children") and prohibiting Defendant from contact with Defendant's own

12    children. Defendant is without knowledge or information sufficient to form a

13    belief as to the truth of the remaining allegations of Paragraph 20, and

14    therefore denies them.

15    21. Defendant admits the allegation contained in Paragraph 21.

16    22. Defendant admits the allegation contained in Paragraph 22.

17    23. Defendant is without knowledge or information sufficient to form

18    a belief as to the truth of the allegations of Paragraph 23, and therefore

19    denies them.

1    **<u>DEFENDANT'S ALLEGED HISTORY OF CYBERSTALKING,</u>**

2    **<u>HARASSMENT AND CYBERBULLYING</u>**

3    24. Defendant denies as untrue the allegations contained in Paragraph

4    24, and specifically denies that Plaintiff had no further contact with

5    Defendant on September 10, 2019 up until October 26, 2020. Plaintiff

6    emailed Defendant two (2) more times in October and November of 2019.

7    25. Defendant denies as untrue the allegations contained in Paragraph

8    25, and specifically denies that Defendant harass, online attack campaign,

9    and retaliation against Plaintiff.

10   26. Defendant admits to sending 3 emails to Plaintiff, with the third

11   email informing Plaintiff that it would be the last. Defendant denies that

12   Defendant's opinions and reviews of Plaintiff's services are attacks, but

13   instead truthful opinions.

14   27. Defendant denies the allegations contained in Paragraph 27.

15   28. Defendant denies allegations contained in Paragraph 28.

16   Defendant believes Plaintiff is referencing a court dismissal in 2013 in

17   regards to Defendant's ex-husband's mistress who was also an employee of

18   Defendant's ex-husband. Plaintiff **pleads no facts to support the allegations.**

19   29. Defendant denies allegations contained in Paragraph 29, and

20   specifically denies stalking Mr. Jones and "others" in late 2018. Defendant's

1   and Mr. Jones' were in friendly and loving communication up until Plaintiff

2   signed on as a custody evaluator. Plaintiff **pleads no facts to support the**

3   **criminal allegations against Defendant.**

4        30. Defendant denies part of the allegations contained in Paragraph

5   30, and specifically denies false, slanderous, inflammatory messages to

6   Facebook page of Eleven Fifty. Defendant admits to contacting Eleven Fifty

7   through Facebook messenger. Defendant admits that Defendant is co-

8   founder of the company and was President of Eleven Fifty for multiple

9   years, before it became a non-profit, and knew most employees there and

10  felt the right to make contact.

11       31. Defendant denies the allegations contained in Paragraph 31, and

12  specifically denies that Defendant's message says that Defendant was still

13  married to Mr. Jones. Defendant admits that the message reference Mr.

14  Jones new fiancé (use to be mistress) did not want Mr. Jones to contact

15  Defendant, and that Defendant needed to communicate about their children,

16  which were true at the time.

17       32. Defendant admits that the Family Court ordered Defendant to

18  make no negative comment about Mr. Jones **to** Eleven Fifty in Paragraph 32,

19  because that is his place of employment (Mr. Jones is the owner, president,

20  co-founder). Defendant denies that the Family Court Order prohibits

1    Defendant from having any contact with Mr. Jones. Plaintiff **pleads no facts**

2    **to support the allegations.**

3         33. Defendant denies allegations contained in Paragraph 33, more

4    specifically that the Family Court orders prohibits Defendant from

5    communication with Mr. Jones and fiancé. Plaintiff **pleads no facts to**

6    **support the allegations that Defendant committed such criminal conduct.**

7         34. Defendant denies allegations contained in Paragraph 34, more

8    specifically that the postings contained false information.

9         35. Defendant denies allegations contained in Paragraph 35 that

10   Defendant interacted with Eleven Fifty. Defendant admits to tagging and

11   reference Eleven Fifty.

12        36. Defendant admits the allegation on Paragraph 36 to sending

13   Plaintiff email on October 26, 2020. Defendant denies that the email

14   contained threats.

15        37. Defendant admits the allegation contained in Paragraph 37.

16        38. Defendant admits the allegation contained in Paragraph 38, and

17   Defendant stand by belief that Plaintiff should not be in practice because

18   Plaintiff is a danger to families and communities.

19        39. Defendant admits the allegation contained in Paragraph 39.

20        40. Defendant admits the allegation contained in Paragraph 40.

1        41. Defendant admits the allegation contained in Paragraph 41.

2        42. Defendant admits the allegations contained in Paragraph 42.

3    Defendant denies that it's a threat.

4        43. Defendant admits to allegation contained in Paragraph 43.

5        44. Defendant admits to allegation contained in Paragraph 44, and

6    specifically Defendant let Plaintiff know that it would be Defendant's last

7    and final contact with Plaintiff.

8        45. Defendant admits to allegation contained in Paragraph 45.

9        46. Defendant admits to allegations contained in Paragraph 46.

10    Defendant denies that they are threats.

11        47. Defendant admits to allegation contained in Paragraph 47.

12        48. Defendant admits to allegation contained in Paragraph 48.

13    Defendant believes stating opinion and truths about Plaintiff is a protected

14    activity, even though it's unpleasant.

15        49. Defendant admits to allegation contained in Paragraph 49.

16        50. Defendant admits to allegation contained in Paragraph 50.

17        51. Defendant admits to allegation contained in Paragraph 51 except

18    for one page of the exhibit is not a picture of the @portlockpredator account

19    but rather Defendant's personal account @alohaearthling.

8

1   52. Defendant admits to allegation contained in Paragraph 52.

2 Defendant believes stating opinions and truths about Plaintiff is a protected

3 activity.

4   53. Defendant admits to allegation contained in Paragraph 53.

5   54. Defendant admits to allegation contained in Paragraph 54.

6   55. Defendant admits to allegation contained in Paragraph 55.

7 Defendant believes stating opinions and truths about Plaintiff is a protected

8 activity.

9   56. Defendant admits to allegation contained in Paragraph 56.

10   57. Defendant admits to part of the allegations contained in Paragraph

11 57 about posting on YouTube comments. Defendant believes stating

12 opinions and truths about Plaintiff is a protected right. Defendant denies the

13 rest of the allegations.

14   58. Defendant admits to allegation contained in Paragraph 58.

15 Defendant believes stating opinions and truths about Plaintiff is a protected

16 activity by the constitution.

17   59. Defendant admits to allegation contained in Paragraph 59.

18 Defendant believes stating opinions and truths about Plaintiff is a protected

19 activity by the constitution.

1      60. Defendant admits to allegation contained in Paragraph 60.

2  Defendant believes stating opinions and truths about Plaintiff is a protected

3  activity by the constitution.

4      61. Defendant admits to allegation contained in Paragraph 61.

5  Defendant believes stating opinions about Plaintiff is a protected activity by

6  the constitution.

7      62. Defendant admits to allegation contained in Paragraph 62.

8      63. Defendant admits the allegation contained in Paragraph 63.

9  Defendant believes stating opinions and truths about Plaintiff is a protected

10  activity by the constitution.

11      64. Defendant admits to the allegation contained in Paragraph 64.

12      65. Defendant admits to the allegation contained in Paragraph 65.

13      66. Defendant denies allegations in Paragraph 66. Plaintiff pleads no

14  facts to support the allegations.

15      67. Defendant denies allegations in Paragraph 67. Plaintiff pleads no

16  facts to support the allegations.

17      68. Defendant denies allegations in Paragraph 68, and specifically that

18  Defendant doesn't have a shred of evidence. Defendant shares evidence

19  directly on the website.

1    69. Defendant denies allegations in Paragraph 69. Defendant believes

2    that Plaintiff should not be in the profession and should not be allowed to

3    continue to destroy families and harm children by alienating them from the

4    parent they connect most with, the parent that care for them directly.

5    Plaintiff's actions and lies are reasons why Plaintiff's reputation is damaged.

6    70. Defendant admits that Plaintiff was granted Injunction Against

7    Harassment because Defendant chose not to fight it for lack of funding.

8    Defendant denies cyber-stalking, harassment and cyber-bullying allegations

9    in Paragraph 70. Defendant was informed, in open court by Honorable

10   Michael K. Tanigawa that if Defendant chose not to fight it, it would not be

11   considered admission of guilt, but Defendant would need to follow the

12   injunction. Plaintiff pleads no facts to support the allegations.

13   71. Defendant admits to allegations in Paragraph 71.

14   72. Defendant admits to allegations in Paragraph 72.

15   73. Defendant admits to allegations in Paragraph 73.

16   74. Defendant denies allegations in Paragraph 74 and specifically that

17   Defendant violate the TRO. Plaintiff sought the court to order Defendant to

18   "cease and desist all online (including social media) postings about Plaintiff"

19   and have Defendant "be ordered to remove any postings" about Plaintiff that

1    have already been made. The District Court rightfully denied Plaintiff's

2    request to enter such unconstitutional order.

3           75. Defendant admits to allegations in Paragraph 75. Defendant

4    believes stating opinions and truths about Plaintiff is a protected by the

5    constitution.

6           76. Defendant admits to allegations in Paragraph 76.

7           77. Defendant admits to allegations in Paragraph 77. The District

8    Court rightfully denied Plaintiff's request for the order.

9           78. Defendant admits to allegations in Paragraph 78.

10          79. Defendant denies allegations in Paragraph 79, and specifically

11   denies that the Court deemed the Injunction Against Harassment was

12   warranted. The Honorable Michael K. Tanigawa informed Defendant in

13   open court that if Defendant chose not to fight the Court will grant the

14   injunction but it would not mean an admission of guilt by Defendant.

15          80. Defendant admits to allegations in Paragraph 80, barring

16   Defendant from contacting, threatening or physically harassing Plaintiff for

17   three years. Defendant denies allegations "among others".

18          81. Defendant denies allegations in Paragraph 81, and specifically

19   alleging that the Restraining Order barred Defendant from posting online.

1  The Injunction Against Harassment does not include that Defendant stop

2  posting opinions and truth online.

3      82. Defendant admits the allegations in Paragraph 82 that they are

4  Defendant's postings. Defendant denies allegations that it violates the

5  Restraining Order.

6      83. Defendant admits the allegations in Paragraph 83 that they are

7  Defendant's postings. Defendant denies allegations that it violates the

8  Restraining Order.

9      84. Defendant does not have sufficient information to admit or denies

10  the allegations of Paragraph 84, and therefore denies them.

11      85. Defendant does not have sufficient information to admit or denies

12  the allegations of Paragraph 85, and therefore denies them.

13      86. Defendant denies part of the allegations in Paragraph 86, and

14  specifically that the website is just for one domain name, the website is

15  linked with at least 20 different domain names. Defendant admits that

16  reneaukennedy.com is one of the linked domain names.

17      87. Defendant admits the website includes pictures of Defendant and

18  Defendant's three children as alleged in Paragraph 87. Defendant denies

19  other allegations in Paragraph 87, and specifically that the statements are

20  false, slanderous, inflammatory, defamatory and fraudulent.

1       88.  Defendant admits the screenshots appear to be from Defendant's

2    website as alleged in Paragraph 88. Plaintiff left out numerous pictures and

3    videos on the website relevant to the statements.

4       89. Defendant admits that there are links to Change.org in Paragraph

5    89. Defendant denies that statements on Change.org are false and fraudulent.

6       90. Defendant admits to allegations in Paragraph 90.

7       91. Defendant does not have sufficient information to admit or denies

8    the allegations of Paragraph 91, and therefore denies them.

9    <u>**COUNT I**</u>

10    <u>**(Alleged Violation of Cyberpiracy Protections for Individuals, 15**</u>

11    <u>**U.S.C. § 8131)**</u>

12       92. Defendant by reference its responses to the allegations of

13    Paragraphs 1 through 91 as Defendant's response to Paragraph 92 of

14    Plaintiff's complaint.

15       93. Defendant admits the allegations in Paragraph 93.

16       94. Defendant admits the allegations in Paragraph 94.

17       95. Defendant admits the allegations in Paragraph 95.

18       96. Defendant does not have sufficient information to admit or deny

19    the allegations of Paragraph 96, and therefore denies them. Defendant did

20    not believe "Reneau Kennedy" was a famous mark.

1    97. Defendant admits that domain names were done without Plaintiff

2    consent (see Paragraphs 93-95). Defendant denies Plaintiff's allegation that

3    Defendant's intent is to profit from any of the 3 domains in question.

4    Plaintiff fails to show that Defendant sent an email to Plaintiff with the

5    "…specific intent for Defendant Lee to profit therefrom", because no such

6    email exist.

7    98. Defendant denies allegations in Paragraph 98 specifically that

8    Defendant defamed and attacked Plaintiff. Defendant believes Defendant's

9    opinions and beliefs about Plaintiff are truth. Defendant had no idea that

10   Plaintiff was to testify again prior to Defendant's website. Defendant would

11   like Plaintiff to testify again at Family Court.

12   99. Defendant denies allegations in Paragraph 99, and specifically

13   alleging that Plaintiff's testimony was truthful. Plaintiff **pleads no facts to**

14   **support the allegations.**

15   100. Defendant denies allegations in Paragraph 100, and specifically

16   preventing Plaintiff from testifying again. Plaintiff **pleads no facts to support**

17   **the allegations.**

18   101. Defendant denies allegations in Paragraph 101, and specifically

19   that Defendant would profit from Defendant's domains forwarded to

20   website. Even if Plaintiff did not testify, Defendant would still continue to

1    post and share about Defendant's experience with Plaintiff publicly.

2    Defendant is planning on using constitutional rights to help prevent other

3    families from being torn apart and especially harming children. Plaintiff

4    pleads no facts to support the allegations.

5        102. Defendant denies allegations in Paragraph 102. Defendant has

6    never solicited monetary donations or any exchange of currency in regards

7    to domains in question. Plaintiff pleads no facts to support the allegations.

8        103. Defendant denies allegations in Paragraph 103, and specifically

9    that Defendant will receive any profit from the domain names. Plaintiff

10   pleads no facts to support the allegations.

11       104. Defendant denies allegations in Paragraph 104, and specifically

12   allegations of online harassment. Defendant's opinions and beliefs **about**

13   Plaintiff have never been directed **to** Plaintiff. It would be unconstitutional

14   to prohibit Defendant from sharing experiences, even if they are negative.

15                           **<u>COUNT II</u>**

16   **<u>(Alleged Violation of Anticybersquatting Consumer Protection Act, 15</u>**

17                      **<u>U.S.C. § 1125)</u>**

18       105. Defendant by reference its responses to the allegations of

19   Paragraphs 1 through 104 as Defendant's response to Paragraph 105 of

20   Plaintiff's complaint.

16

1      106. Defendant admits the allegations in Paragraph 106 that the

2      domains were registered. Defendant does not have sufficient information to

3      admit or deny the rest of the allegations, and therefore denies them.

4      107. Defendant admits the allegation in Paragraph 107 that the

5      domains forwarded to Google reviews. Defendant denies that the reviews

6      were false.

7      108. Defendant denies allegations in Paragraph 108, and specifically

8      allegations of false, defamatory and malicious statements about Plaintiff.

9      Webpage is not uploaded to domain names but rather domain names are

10     forwarded with mask to webpage.

11     109. Defendant denies allegations in Paragraph 109, and specifically

12     alleging that Defendant intended to profit from domain names. Plaintiff

13     pleads no relevant facts to support the allegations.

14     110. Defendant denies allegations in Paragraph 110, and specifically

15     that Plaintiff had a trademark prior to Defendant's registering of domain

16     names. Plaintiff pleads no relevant facts to support the allegations.

17     111. Defendant denies allegations in Paragraph 111, and specifically

18     allegations that Defendant would or will profit from domain names. Plaintiff

19     pleads no relevant facts to support the allegations.

1    112. Defendant denies allegations in Paragraph 112, and specifically

2    Defendant has no plans on profiting off of domain names. Plaintiff pleads no

3    relevant facts to support the allegations.

4    113. Defendant denies allegations in Paragraph 113, and specifically it

5    would be unconstitutional to prohibit Defendant from sharing experiences on

6    Defendant's website and postings, even if they are negative, by ordering

7    Defendant to dismantle and take down.

8                              **COUNT III**

9              **(Alleged Federal Trademark Infringement)**

10   114. Defendant by reference its responses to the allegations of

11   Paragraphs 1 through 113 as Defendant's response to Paragraph 114 of

12   Plaintiff's complaint.

13   115. Defendant denies allegations in Paragraph 115, and specifically

14   allegations that Defendant's website has any association with Plaintiff.

15   Plaintiff pleads no relevant facts to support the allegations.

16   116. Defendant denies allegations in Paragraph 116, and specifically

17   that Defendant's website will confused the public. Defendant stands by

18   statements about Plaintiff as truth. As Plaintiff exhibit "Q" shows that the

19   website in question has multiple pictures and videos of Defendant and

1  Defendant's children, with no photos of Plaintiff.  Plaintiff pleads no

2  relevant facts to support the allegations.

3      117. Defendant denies allegations in Paragraph 117, and specifically

4  that Defendant has or will profit off of domain names. Plaintiff pleads no

5  relevant facts to support the allegations.

6      118. Defendant denies allegations in Paragraph 118, and specifically

7  that Defendant's website would cause harm to the public. Defendant

8  believes the website will protect the public and their families from the

9  Plaintiff. Specifically that Plaintiff has been granted absolute immunity from

10  the Court in which Plaintiff may not be held liable for actions; Defendant

11  believes this is the only way to protect the public is to warn them. Defendant

12  has never or will ever profit from the domain names. Plaintiff pleads no

13  relevant facts to support the allegations.

14                                  **COUNT IV**

15                      **(Alleged Federal Unfair Competition)**

16      119. Defendant by reference its responses to the allegations of

17  Paragraphs 1 through 118 as Defendant's response to Paragraph 119 of

18  Plaintiff's complaint.

19      120. Defendant denies allegations in Paragraph 120, and specifically

20  that Defendant's website create false and misleading impression of

1   Plaintiff's business. As referenced by Plaintiff exhibit "Q" that the website

2   in question contains only photos of Defendant and Defendant's children,

3   therefore could not possibly create confusion that it's associated with

4   Plaintiff. Plaintiff pleads no relevant facts to support the allegations.

5       121. Defendant denies allegations in Paragraph 121, and specifically

6   that it's in violation of 15 U.S.C. § 1125(a). Defendant's website speaks

7   about Defendant's experience with Plaintiff, but in no way associated with

8   Plaintiff. Defendant's website also contains multiple pictures and videos of

9   Defendant and Defendant's children, with no photos of Plaintiff, therefore

10  could not possibly create confusion. Plaintiff pleads no relevant facts to

11  support the allegations.

12      122. Defendant denies allegations in Paragraph 122, and specifically

13  allegations that Defendant's intent to profit off of domains. Plaintiff pleads

14  no relevant facts to support the allegations.

15      123. Defendant denies allegations in Paragraph 123, and specifically

16  that Defendant has profit or will profit from domain names. There have been

17  no funds received by Defendant associated with any of the domain names in

18  question. Plaintiff pleads no relevant facts to support the allegations.

19

20

1        <u>**COUNT V**</u>

2        <u>**(Alleged State Unfair and Deceptive Trade Practices)**</u>

3        124. Defendant by reference its responses to the allegations of

4    Paragraphs 1 through 123 as Defendant's response to Paragraph 124 of

5    Plaintiff's complaint.

6        125. Defendant denies allegations in Paragraph 125, and specifically

7    that Defendant's domains, social profiles will cause confusion or

8    misunderstanding as to the source of the information. Defendant's website is

9    more than clear to the public that it's relevant to Defendant and Defendant's

10   children experiencing suffering due to Plaintiff's actions. Plaintiff pleads no

11   relevant facts to support the allegations.

12       126. Defendant denies allegations in Paragraph 126, and specifically

13   that Defendant is in violation of HRS § 480-2.

14       127. Defendant denies allegations in Paragraph 127, and specifically

15   that Defendant's conduct causes substantial injury to the public. Defendant

16   stands by beliefs that the website will help the public. Plaintiff pleads no

17   relevant facts to support the allegations.

18       128. Defendant denies the allegation in Paragraph 128.

19

20

1

## COUNT VI

2

## (Alleged Common Law Trademark Infringement and Unfair

3

## Competition)

4      129. Defendant by reference its responses to the allegations of

5  Paragraphs 1 through 128 as Defendant's response to Paragraph 129 of

6  Plaintiff's complaint.

7      130. Defendant denies allegations in Paragraph 130, and specifically

8  Defendant denies creating a likelihood of confusion, therefore does not

9  satisfy the requirement to meet Trademark Infringement. Defendant also

10  denies allegations of Unfair Competition, citing that Defendant's practice is

11  not deceptive or wrongful. Defendant's website has majority information

12  about Defendant and Defendant's children including a multitude of pictures

13  and videos of Defendant and family as reference in Plaintiff's exhibit "Q".

14  Plaintiff fails to plead statute or relevant evidence to support the allegations.

15      131. Defendant denies allegations in Paragraph 131, and specifically

16  allegations of Defendant's intentions on causing confusion among the

17  public. Defendant's and Defendant's children's photos and videos are the

18  main focal points. There are no images of Plaintiff, only discussions **about**

19  plaintiff. Plaintiff fails to plead relevant evidence to support the allegations.

20      132. Defendant denies allegations in Paragraph 132.

1    133. Defendant denies allegations in Paragraph 133, and specifically

2    prohibiting Defendant from use of domains and social profile. Plaintiff fails

3    to plead a statute or relevant evidence to support the demand for such an

4    unconstitutional injunction.

5    134. Defendant denies allegations in Paragraph 134, and specifically

6    alleging that Defendant having history of "this type of behavior" in

7    referencing to Trademark Infringement and Unfair Competition. This

8    frivolous lawsuit is the first and only one alleging that Defendant violated

9    trademark infringement and unfair competition laws. Plaintiff fails to plead

10   any relevant evidence to support the demand for punitive damages.

11                                **COUNT VII**

12                            **(Alleged False Light)**

13   135. Defendant by reference its responses to the allegations of

14   Paragraphs 1 through 134 as Defendant's response to Paragraph 135 of

15   Plaintiff's complaint.

16   136. Defendant denies allegations in Paragraph 136, and specifically

17   alleging Defendant intended to proffer a complete false impression of

18   Plaintiff as a clinical, forensic and neuropsychologist. Defendant's website

19   and social posting discusses Defendant's experience with Plaintiff as a

20   custody evaluator and an expert witness, in which Defendant believes to be

1    true. Plaintiff fails to plead statute or relevant evidence to support the

2    allegations.

3         137. Defendant denies allegations in Paragraph 137, and specifically

4    alleging Defendant intentional proffer of a false impression. Plaintiff fails to

5    plead statute or relevant evidence to support the allegations.

6         138. Defendant denies allegations in Paragraph 138, and specifically

7    alleging Defendant intentional proffer of a false impression. Defendant's

8    opinions of Plaintiff are based on Defendant's beliefs and experience with

9    Plaintiff. Plaintiff fails to plead statute or relevant evidence to support the

10   allegations.

11        139. Defendant denies allegations in Paragraph 139, and specifically

12   allegations that Defendant spread false and defamatory allegations about

13   Plaintiff. Plaintiff fails to plead relevant evidence to support the allegations

14   that Defendant's website and posting contains false and defamatory

15   information about Plaintiff.

16        140. Defendant denies allegations in Paragraph 140, and specifically

17   alleging that Defendant admitted numerous times that Defendant's intent

18   was to spread false and defamatory allegations about Plaintiff. Defendant

19   has mentioned numerous times that Defendant plans on getting the **truth**

20   out. Defendant admits to hoping that Plaintiff would no longer be able to

1   continue to practice and cause harm to other families of the communities,

2   especially to the vulnerable young children and elderly.

3       141. Defendant denies allegations in Paragraph 141, and specifically

4   alleging that Defendant publicizes false information about Plaintiff online.

5   Plaintiff fails to plead relevant evidence to support the allegations that

6   Defendant's publishings about Plaintiff are false.

7       142. Defendant denies allegations in Paragraph 142.

8       143. Defendant denies allegations in Paragraph 143, and specifically

9   enjoining, prohibiting Defendant from constitutionally protected activities,

10   including discussing, referencing Plaintiff. Defendant denies ever interacting

11   with Plaintiff on any public medium; that would be a violation of Injunction

12   Against Harassment. Plaintiff fails to plead relevant evidence to support the

13   allegations that such violation exists.

14   **COUNT VIII**

15   **(Alleged Defamation)**

16       144. Defendant by reference its responses to the allegations of

17   Paragraphs 1 through 143 as Defendant's response to Paragraph 144 of

18   Plaintiff's complaint.

19       145. Defendant denies allegations in Paragraph 145, and specifically

20   that Defendant's postings **about** Plaintiff are false. They are Defendant's

1   opinion and beliefs of the truth. Plaintiff fails to plead relevant evidence to

2   support the allegations that Defendant's negative postings are false.

3       146. Defendant denies allegations in Paragraph 146, and specifically

4   alleging Defendant's statements are false. Plaintiff fails to plead relevant

5   evidence to support the allegations that Defendant's postings published to

6   third parties are false.

7       147. Defendant denies allegations in Paragraph 147, and specifically

8   alleging Defendant's statements are false. Plaintiff fails to plead relevant

9   evidence to support the allegations that Defendant's postings published to

10   third parties are false.

11       148. Defendant denies allegations in Paragraph 148, and specifically

12   alleging Defendant's statements are false. Plaintiff fails to plead relevant

13   evidence to support the allegations that Defendant's postings published to

14   third parties are false. Defendant has every right to share Defendant's

15   opinion of truth with the public to prevent children from being separated

16   from their mothers due to Plaintiff's intentional, malicious acts.

17       149. Defendant denies allegations in Paragraph 149, and specifically

18   alleging Defendant's statements to be false. Defendant goal is to warn the

19   public of Plaintiff's unethical practice to prevent other families from being

1    torn apart. Plaintiff fails to plead relevant evidence to support the allegations

2    that Defendant's postings are false.

3        150. Defendant denies allegations in Paragraph 150, and specifically

4    alleging Defendant's statements are false. Plaintiff fails to plead relevant

5    evidence to support the allegations that Defendant's postings published to

6    third parties are false.

7        151. Defendant denies allegations in Paragraph 151.

8        152. Defendant denies allegations in Paragraph 152, and specifically

9    enjoining, prohibiting Defendant from constitutionally protected activities,

10   including discussing, referencing Plaintiff. Defendant denies ever interacting

11   with Plaintiff on any public medium; that would be a violation of Injunction

12   Against Harassment. Plaintiff fails to plead relevant evidence to support the

13   allegations that such criminal conduct occurred.

14                            **COUNT IX**

15                        **(Punitive Damages)**

16       153. Defendant by reference its responses to the allegations of

17   Paragraphs 1 through 152 as Defendant's response to Paragraph 153 of

18   Plaintiff's complaint.

19       154. Defendant denies allegations in Paragraph 154, and specifically

20   that Defendant exercising constitutional right as a wrongful conduct.

1                        **Plaintiff's Prayer For Relief**

2              These paragraphs set for the statement of relief requested by Plaintiff

3       to which no response is required. Defendant denies that Plaintiff is entitled

4       to any of the requested relief and denies any allegations contained in the

5       Conclusion to which a response is required.

6              Defendant denies each and every allegations of Plaintiff's complaint

7       not specifically admitted or otherwise responded to above. Defendant

8       specifically denies that Defendant has infringed or is liable for infringement

9       of any valid and enforceable marks of Plaintiff. Defendant further

10      specifically denies that Plaintiff is entitled to any relief whatsoever of any

11      kind against Defendant as a result of any act of Defendant or any person

12      acting on behalf of Defendant.

13                                **Defenses**

14      **First Defense – No Violation of Cyberpiracy Protection for Individuals**

15              1.  Defendant has never and plans on to ever profit off the domain

16                  names by selling the domains for financial gain. Therefore does

17                  not meet the claim that Defendant violated the Cyberpiracy

18                  Protection for Individuals 15 U.S.C. § 8131

19                          Any person who registers a domain name that consists of
20                          the name of another living person, or a name
21                          substantially and confusingly similar thereto, without that
22                          person's consent, **with the specific intent to profit from**

                                       28

1         **such name by selling the domain name for financial**
2         **gain to that person or any third party,** shall be liable in
3         a civil action by such person.

4         15 U.S.C. § 8131

5     **Second Defense – No Violation of the Anticybersquatting Consumer**

6                      **Protection Act**

7    2.  Defendant meets the Exclusion of the Anticybersquatting

8      Consumer Protection Act U.S.C. § 1125 as follows:

9         •   Defendant promotes to permit consumer to compare goods

10          and services of Plaintiff.

11         •   Defendant using "famous" mark to criticize Plaintiff.

12         •   Defendant using "famous" mark for news reporting on

13          website blog and social post.

14         •   Defendant has not and will not use commercially

15         **(3) Exclusions**
16         The following shall not be actionable as dilution by
17         blurring or dilution by tarnishment under this subsection:

18         **(A)** Any fair use, including a nominative or descriptive
19         fair use, or facilitation of such fair use, of a famous mark
20         by another person other than as a designation of source
21         for the person's own goods or services, including use in
22         connection with-**(i)** advertising or promotion that permits
23         consumers to compare goods or services;
24         or**(ii)** identifying and parodying, criticizing, or
25         commenting upon the famous mark owner or the goods
26         or services of the famous mark owner.**(B)** All forms of
27         news reporting and news commentary.**(C)** Any

1   noncommercial use of a mark.
2
3   15 U.S.C. § 1125

**Third Defense – No Federal Trademark Infringement**

3. Defendant's websites, domain names and social profile in question are not or ever will be used for commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with Plaintiff.

**(1)** Any person who shall, without the consent of the registrant-

**(a)** use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark **in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive**; or

**(b)** reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements **intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive**, shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

1          15 U.S.C. § 1114

2          Defendant registered and has been awarded the trade name

3  ReneauKennedy.com (exhibit "1") for the purpose of online journals,

4  namely blogs featuring Hawaiian citizens experiences with custody

5  evaluators and the Family Court System.

6          **<u>Fourth Defense – No Federal Unfair Competition</u>**

7          4. Plaintiff alleges that Defendant is in violation 15 U.S.C. § 1125(a)

8  in Plaintiff's complaint Paragraph 121 of Count IV, which are as follows:

9                    **(a) Civil action**

10                    **(1)** Any person who, on or in connection with any goods
11                    or services, or any container for goods, uses in commerce
12                    any word, term, name, symbol, or device, or any
13                    combination thereof, or any false designation of origin,
14                    false or misleading description of fact, or false or
15                    misleading representation of fact, which-

16                    **(A)** is likely to cause confusion, or to cause mistake, or to
17                    deceive as to the affiliation, connection, or association of
18                    such person with another person, or as to the origin,
19                    sponsorship, or approval of his or her goods, services, or
20                    commercial activities by another person, or

21                    **(B)** in commercial advertising or promotion,
22                    misrepresents the nature, characteristics, qualities, or
23                    geographic origin of his or her or another person's goods,
24                    services, or commercial activities, shall be liable in a
25                    civil action by any person who believes that he or she is
26                    or is likely to be damaged by such act.

| | |
|---|---|
| 1 | **(2)** As used in this subsection, the term "any person" |
| 2 | includes any State, instrumentality of a State or employee |
| 3 | of a State or instrumentality of a State acting in his or her |
| 4 | official capacity. Any State, and any such |
| 5 | instrumentality, officer, or employee, shall be subject to |
| 6 | the provisions of this chapter in the same manner and to |
| 7 | the same extent as any nongovernmental entity. |
| 8 | **(3)** In a civil action for trade dress infringement under |
| 9 | this chapter for trade dress not registered on the principal |
| 10 | register, the person who asserts trade dress protection has |
| 11 | the burden of proving that the matter sought to be |
| 12 | protected is not functional. |
| 13 | |
| 14 | 15 U.S.C. § 1125 |

15   Defendant's website is clear and obvious to the public that its purpose

16   is to discuss about Defendant's experiences with Plaintiff, Defendant's ex-

17   husband and others. Defendant's website has multiple images and videos of

18   Defendant and Defendant's children and not one image or video of Plaintiff.

19   There are no evidence that Defendant's website associated with domains and

20   social profiles in question are intended for commerce. Therefor Defendant's

21   use of domains in question and social profiles does not satisfy the

22   requirements to meet the allegations that Defendant violated 15 U.S.C.

23   §1125.

24      Defendant conduct meets the Exclusion of the Anticybersquatting

25   Consumer Protection Act U.S.C. § 1125 as follows:

26   • Defendant promotes to permit consumer to compare goods

27      and services of Plaintiff.

1    • Defendant using "famous" mark to criticize Plaintiff.

2    • Defendant using "famous" mark for news reporting on

3        website blog and social post.

4    • Defendant has not and will not use commercially.

5        **(3) Exclusions**
6        The following shall not be actionable as dilution by
7        blurring or dilution by tarnishment under this subsection:

8        **(A)** Any fair use, including a nominative or descriptive
9        fair use, or facilitation of such fair use, of a famous mark
10       by another person other than as a designation of source
11       for the person's own goods or services, including use in
12       connection with-**(i)** advertising or promotion that permits
13       consumers to compare goods or services;
14       or**(ii)** identifying and parodying, criticizing, or
15       commenting upon the famous mark owner or the goods
16       or services of the famous mark owner.**(B)** All forms of
17       news reporting and news commentary.**(C)** Any
18       noncommercial use of a mark.
19
20       15 U.S.C. § 1125

21   **Fifth Defense – No State Unfair and Deceptive Trade Practices**

22       5. Defendant has not been passing herself as Plaintiff. Defendant's

23   website and postings shares multiple images and videos of Defendant and

24   Defendant's children. Defendant registered and was awarded the trade name

25   ReneauKennedy.com (exhibit "1") therefore Defendant is not in violation of

26   HRS § 480-2. Defendant's website associated with domain names speaks

27   only about Defendant's experience in regards to the Plaintiff and

1   Defendant's ex-husband among others. Plaintiff pleads no relevant evidence

2   to the allegations. Plaintiff should be denied request for award of trebled

3   damages.

4   **<u>Sixth Defense – No Common Law Trademark Infringement and Unfair</u>**

5   **<u>Competition</u>**

6    6. Plaintiff fails to cite statute in which Plaintiff alleges Defendant of
7   violating. Defendant therefore cites the following statute Haw. Rev. Stat. §
8   482-31:

9      Subject to section 482-53, any person who:

10      **(1)** Uses, without the consent of the registrant, any
11      reproduction, counterfeit, copy, or colorable imitation of
12      a mark registered under this **part in connection with the**
13      **sale, distribution, offering for sale, or advertising of**
14      **any goods or services on or in which such use is likely**
15      **to cause confusion or mistake, or to deceive, as to the**
16      **source of origin of such goods or services**; or
17      **(2)** Reproduces, counterfeits, copies, or colorably
18      imitates a mark registered under this part and applies
19      such reproduction, counterfeit, copy, or colorable
20      imitation to labels, signs, prints, packages, wrappers,
21      receptacles, or advertisements **intended to be used on or**
22      **in connection with the sale or other distribution in**
23      **this State of such goods or services;** shall be liable in a
24      civil action by the registrant for any and all of the
25      damages and remedies provided in section 482-33;
26      provided that under paragraph (2) the registrant shall not
27      be entitled to recover profits or damages unless the acts
28      have been committed with the intent to cause confusion,
29      mistake, or to deceive.
30
31      Haw. Rev. Stat. § 482-31

1        Defendant reiterates that Defendant has not, or plans on conducting

2 any sales, distribution, offering for sale, or advertising of any goods or

3 services on any of Defendant's domain names or social profiles in question.

4 Therefore Defendant is not violating Common Law Trademark Infringement

5 and Unfair Competition.

6                **Seventh Defense – No False Light**

7        7. Defendant's postings made no reference to Plaintiff's competency

8 as a clinical, forensic and neuropsychologist. Plaintiff pleads no evidence to

9 support such allegations. All of Defendant's postings are about Plaintiff's

10 actions as a custody evaluator in connection with Defendant. That is what

11 Defendant seek help for when Defendant signed contract with Plaintiff, for

12 custody evaluation work. Defendant stands by Defendant's posting that they

13 are true and accurate description of Defendant's experiences with Plaintiff.

14        Defendant's website associated with domains in question and postings

15 on social profiles are expressing Defendant's opinions of truth and

16 experience in regards to Plaintiff. Defendant's website contains supporting

17 evidence to Defendant's claims.

18        Defendant has never interact with Plaintiff on any public medium, that

19 would be a violation against the Injunction Against Harassment which

20 Defendant had promised Honorable Michael K. Tanigawa that Defendant

1   would not do so that the court may expunge this off Defendant's record once

2   the three years is over. Defendant has zero desire to communicate with

3   Plaintiff.

4        Defendant should not be prohibit from sharing Defendant's

5   experience publicly on Defendant's website and social profiles about

6   Plaintiff. What Plaintiff is asking for is unconstitutional and would be

7   dangerous to all Americans if Plaintiff 's request were granted.

8                **<u>Eighth Defense –No Defamation</u>**

9        Defendant asserts that Defendant's opinions about Defendant's

10   experiences with Plaintiff are absolute truth. Defendant provides evidence of

11   truth along with Defendant's claims about Plaintiff on Defendant's website

12   and social postings.

13                To prove defamation under Hawaii law, McNally must
14                establish four elements: (1) **a false** and defamatory
15                statement concerning another; (2) an unprivileged
16                publication to a third party; (3) negligence by the
17                publisher; and (4) either actionability of the statement
18                irrespective of special harm, or the existence of special
19                harm caused by the publication. <u>See Wilson v.</u>
20                <u>Freitas</u>, <u>121 Haw. 120, 128</u>, <u>214 P.3d 1110</u> (App. 2009).

21                *McNally v. University of Hawaii*, 780 F. Supp. 2d 1037,
22                1058 (D. Haw. 2011)

23                **(1)** DEFAMATION.-The term "defamation" means any
24                action or other proceeding for defamation, libel, slander,
25                or similar claim alleging **that forms of speech are false**,

1    have caused damage to reputation or emotional distress,
2    have presented any person in a false light, or have
3    resulted in criticism, dishonor, or condemnation of any
4    person.

5    28 U.S.C. § 4101

6    The question whether a statement is one of fact or
7    of opinion is one of law. *Information Control Corp. v.*
8    *Genesis One Computer Corp.,* 9 Cir., 1980, 611 F.2d
9    781, 783. We therefore review the question ourselves.
10    Our analysis is aided by *Information Control,* where we
11    identified three factors important in determining whether
12    a statement expresses fact or opinion.

13    First, we said, "it is established that words are not
14    defamatory unless they are understood in a defamatory
15    sense. . . . Thus, the words alone are not determinative;
16    the facts surrounding the publication must also be
17    considered." 611 F.2d at 783-784. Second, we stated that
18    "even apparent statements of fact may assume the
19    character of statements of opinion, and thus be
20    privileged, when made in public debate, heated labor
21    dispute, or other circumstances in which an `audience
22    may anticipate efforts by the parties to persuade others to
23    their positions by use of epithets, fiery rhetoric or
24    hyperbole.'" *Id.* at 784, quoting *Gregory v. McDonnell*
25    *Douglas Corp.,* 1976, 17 Cal.3d 596, 601, 131 Cal.Rptr.
26    641, 644, 552 P.2d 425, 428. Third, we discussed the
27    importance of the language itself, noting that "[w]here
28    the language of the statement is `cautiously phrased in
29    terms of apparency' or is of a kind typically generated in
30    a spirited legal dispute in which the judgment, loyalties
31    and subjective motives of the parties are reciprocally
32    attacked and defended in the media and other public
33    forums, the statement is less likely to be understood as a
34    statement of fact rather than as a statement
35    of opinion." 611 F.2d at 784, quoting *Gregory,* 17 Cal.
36    3d at 603, 131 Cal.Rptr. at 645, 552 P.2d at 429.

1        *Lewis v. Time Inc.*, 710 F.2d 549, 553 (9th Cir. 1983)

2        Plaintiff pleads no relating evidence to the allegations that

3   Defendant's opinions are false. Defendant's first amendment rights should

4   be protected for the sake of Hawaiian Citizens and all Americans.

5                    **Ninth Defense – No Injunction Relief**

6        Plaintiff should not be awarded any amount in relation to these

7   frivolous claims.

8                    **Tenth Defense – Unclean Hands**

9        All of Plaintiff's claims are barred because Plaintiff has come to this

10  Court with unclean hands. Plaintiff has told numerous lies under oath as a

11  court appointment custody evaluator/expert witness. It is Plaintiff's

12  malicious actions that causes Defendant to share Plaintiff outrageous lies

13  with the public, in hopes of not only drawing attention to Defendant's and

14  Defendant's children's suffering, but to protect future families from being

15  torn apart and traumatizing young children and elderlies in the process.

16                         **COUNTERCLAIMS**

17       Defendant/Counterclaimant Vee Lee (hereinafter "Defendant") brings

18  this Counterclaim against Plaintiff, Dr. Reneau Kennedy (hereinafter

19  "Plaintiff").

20

1          **The Parties**

2    1.  Defendant, Vee Lee, is a resident of and domicile in the state of

3          Hawaii.

4    2.  Upon information and belief, Plaintiff, Dr. Reneau C. Kennedy is a

5          resident and domicile in the state of Hawaii.

6          **Jurisdiction and Venue**

7    3.  Subject to Ms. Lee defenses and denials, Defendant alleges that this

8          Court has jurisdiction over the subject matter of these Counterclaims

9          under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201,

10         and 2202, and venue for these Counterclaims is proper in this district.

11   4.  This Court has personal jurisdiction over Plaintiff.

12         **General Background**

13   5.  Plaintiff purposefully testified false information in Family Court about

14         Defendant and Defendant's children in regards to Defendant's custody

15         case FC-D-No. 19-1-0041 on September 10th, 2019, to benefit

16         Defendant's ex-husband Mr. Jones (hereinafter "Mr. Jones")

17   6.  Plaintiff is protected as a court appointment custody evaluator.

18   7.   Defendant and Defendant's three children are suffering from

19         emotional and mental damages such as parental alienation due to

20         Plaintiff's false testimony.

8.  Plaintiff lied in court and on report to paint Defendant as a neglectful, drug fueled mother incapable of caring for Defendant's own children.

9.  Plaintiff lied in court and on report to paint Defendant's children as incapable of socializing, understanding alphabet, reading, writing, bathroom use, among many other things.

10. Defendant filed for court transcripts of Plaintiff's false testimony and received it in October of 2020.

11. Defendant does not ask for donations, does not sell any goods or services on the website relating to domain names and social profiles.

12. Defendant created a website and social profile to share some of Defendant's experiences with Plaintiff, shedding light on Defendant, and Defendant's children's suffering, and to help prevent future sufferings of other families.

13. Defendant include in the website and social postings, audio of Plaintiff's false testimony along with Defendant's evidence that Plaintiff did in fact knowingly lie under oath.

14. Defendant and Plaintiff had a court hearing at the District Court of the First Circuit, on January 26th, 2021, in which Plaintiff filed for a motion for Violation of Order Granting Petition for Injunction Against Harassment and For Sanctions.

1    15. The Court rightfully denied Plaintiff's motion.

2    16. Plaintiff filed this federal complaint on December 21st, 2020.

3    17. Defendant received complaint in the mail on January 9th, 2021.

4    18. Defendant does not have the funds required to hire legal counsel for

5         protection and therefore Defendant is learning and trying to

6         understand the laws and court procedures to properly defend against

7         Plaintiff's frivolous allegations.

8                          **FIRST COUNTERCLAIM**

9                **(Declaratory Judgment of Non-Infringement)**

10   19. Defendant registered and was awarded the trade name

11        ReneauKennedy.com for the purpose of online journals, namely blogs

12        featuring Hawaiian citizens experiences with custody evaluators and

13        the Family Court system.

14   20. Defendant registered domain names ReneauKennedy.com and

15        DrReneauKennedy.com

16   21. Plaintiff has no claim for domain name PortlockPredator.com or

17        PortlockPredator social profile.

18   22. There is an actual and justiciable controversy between parties

19        regarding the alleged direct and contributory Trademark infringement.

1   23. Defendant has not infringed Plaintiff's alleged trademark. Plaintiff

2       cannot knowingly claim otherwise. As of January 29th, 2021, Plaintiff

3       does not have any known registered marks or trademarks with the

4       United States Patent and Trademark Office.

5   24. Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C.

6       § 2201 that Defendant has not infringed, either directly or

7       contributory the purported-trademark.

8                        **SECOND COUNTERCLAIM**

9                           **(Abuse of Process)**

10  25. Plaintiff brought this action for the improper purpose of using the

11      legal process to harass Defendant due to Plaintiff's disagreement with

12      Defendant's use of free speech.

13  26. As a direct and proximate result of Plaintiff's conduct, Defendant has

14      been forced to relive traumatic past events, expend time and money

15      defending these frivolous claims, and thereby suffered emotional and

16      mental injuries, damages or losses in an amount to be determined at

17      trial.

18                        **PRAYER FOR RELIEF**

19      Wherefore, Defendant/Counterclaimant Vee Lee, respectfully requests

20  that this Court issue judgment as follows:

A. Plaintiff take nothing by the Complaint and that the same be

   dismissed with prejudice;

B. That Defendant/Counterclaimant is not liable for directly or indirectly

   infringing Plaintiff's trademark;

C. For an award of cost and reasonable fees incurred in defending this

   action;

D. For an award of all damages sustained as a consequence of Plaintiff's

   Abuse of Process complained of herein;

E. For an award pre- and post-judgment interest; and

F. For such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Vee Lee respectfully demands a jury trial of all issues presented in the Complaint, this Answer and Counterclaim.

Date January 29, 2021                    Respectfully submitted,


                                         /s/ Vee Lee              .

                                         Vee Lee

                                         Defendant Pro se

1        **VERIFICATION OF FIRST AMENDED ANSWERS AND**

2                        **COUNTERCLAIM**

3    I, Vee Lee, declare as follows:

4    1.  I am competent to testify as to the matters alleged in the Answer and

5        Counterclaim.

6    2.  I have read the First Amended Answer and Counterclaim in this

7        matter and verify and confirm that, to the best of my knowledge,

8        information and belief, the factual allegations contained in the First

9        Amended Answer and Counterclaim are true and correct.

10   I declare under penalty of perjury that the foregoing is true and correct.

11

12   DATED: Honolulu, Hawaii January 29th, 2021.

13

14                                    /s/ Vee Lee                    .

15                                    Vee Lee
16                                    Defendant Pro se
17