IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RENEAU C. KENNEDY, Ed.D<br><br>Plaintiff,<br><br>vs.<br><br>VEE LEE aka VOEUTH LAY, JOHN DOES 1-15; JANE DOES 1-15; DOE ALIASES 1-100<br><br>Defendants. | CIVIL NO.: 1:20-cv-563<br>(15 U.S.C. §§ 1125 and 1831)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |
| VEE LEE aka VOEUTH LAY<br><br>Counterclaimant,<br><br>vs.<br><br>RENEAU C. KENNEDY, Ed.D<br><br>Counterclaim Defendant. | |

# MEMORANDUM IN SUPPORT OF MOTION

## I. INTRODUCTION

Plaintiff/Counterclaim Defendant RENEAU C. KENNEDY, Ed.D ("**Dr. Kennedy**" or "**Plaintiff**") by and through her attorneys, CASE LOMBARDI & PETTIT and the LAW OFFICES OF LESLIE R. KOP, hereby submits this Memorandum in Support of Plaintiff **RENEAU C. KENNEDY, Ed.D'S MOTION FOR ORDER DIRECTING DEFENDANT LEE TO SHOW CAUSE AS TO WHY SHE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DR. KENNEDY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING INJUNCTIVE RELIEF** ("Motion").

Dr. Kennedy brought this lawsuit because Defendant/Counterclaimant VEE LEE aka VOEUTH LAY ("Defendant Lee") has embarked on an unlawful personal vendetta arising out of Dr. Kennedy's services as a custody evaluator in Defendant's divorce. In waging this personal vendetta, Defendant Lee has misappropriated Dr. Kennedy's personal and professional name to inappropriately register certain domain names, and has adopted Dr. Kennedy's personal and professional name to register Instagram usernames and a Facebook account to post misleading, false, and defamatory statements on such social media platforms in an express attempt to smear

29004/1/3772545.2

Dr. Kennedy's reputation and undermine the goodwill associated with her name and professional practice.

## II. RELEVANT FACTUAL BACKGROUND

On May 10, 2022, this Court issued an Order (1) Partially Granting Summary Judgment in Plaintiff's Favor on Counts II and VI, (2) Denying Summary Judgment on Count V, and (3) Granting Injunctive Relief. See Dkt. 68. The Order required Defendant Lee to "(1) immediately cease use of the domain names reneaukennedy.com and drreneaukennedy.com and transfer ownership of those domains to Kennedy; (2) to immediately cease use of and delete the following social media accounts: Instagram @reneaukennedy, Facebook @drreneaukennedy, and Twitter @drreneaukennedy; and (3) to immediately cease use of the marks Reneau Kennedy, Dr. Reneau Kennedy, and/or any confusingly similar name on the internet." See Dkt. 68 at 14.

One week after this Order was entered, on May 17, 2022, the Parties all appeared and conducted a settlement conference with the Honorable Kenneth J. Mansfield. During the settlement conference Defendant Lee claimed to be unaware of the Order despite her duty to remain apprised of filings in this matter.

The following day, on May 18, 2022, Counsel for Dr. Kennedy emailed Defendant Lee to inquire about her compliance with the order. See Ex. 1. Defendant Lee promptly responded stating that the domains are already being transferred,

2

which is correct, and that she does not see what else we need to meet for. See Ex. 2. Counsel for Plaintiff responded, quoting the language in the Order requiring her to delete the Instagram accounts, Twitter accounts, and Facebook Accounts, and additionally included language from the Order that Defendant Lee is to immediately cease use of the marks Reneau Kennedy, Dr. Reneau Kennedy, and/or any confusingly similar name on the Internet. See Ex. 3. Defendant Lee was advised that we would be filing the instant Motion if her compliance was not immediate. Defendant Lee responded that she does not have access to any of the social media accounts because she they were tied to an old phone she no longer has. Additionally, she denies use of Dr. Kennedy's marks. See Ex. 4. Next, Counsel for Plaintiff responded that Dr. Kennedy's name is her mark and she was been ordered to cease use of the mark on the internet. See Ex. 5. Lastly, Defendant Lee responded that she is not using her mark and that talking about her is not using her mark. Defendant Lee stated that Plaintiff misinterpreted this Court's Order and that she believes her willful disobedience with this Court's order is protected by the First Amendment. See Ex. 6.

As of May 19, 2022, the Facebook account remains active. See Ex. 7. As of May 19, 2022, the Twitter account remains active. See Ex. 8. As of May 19, 2022, the Instagram account remains active. See Ex. 9. Additionally, the Facebook account @portlockpredator and Instagram @portlockpredator contain and continues

3

to use the Plaintiff's marks on the Internet in Violation of the Enforcement Order. See Ex. 10, 11 and Dec. of D. Brittin ¶ 14.

## III. ARGUMENT

### A. CIVIL CONTEMPT

"Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). Failure to comply need not be intentional. See McComb v Jacksonville Paper Co., 336 U.S. 187, 191 (1949). The moving party must establish the following elements: "(1) that [the alleged contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. Frankl v. HTH Corp., 832 F. Supp. 2d 1179, 1186 (D. Haw. 2011).

Defendant Lee's intentional non-compliance with this Court's Enforcement Order is bold, continuous and malicious. Defendant Lee has violated the Enforcement Order in that she has not deleted the accounts as so ordered. See Ex. 7, 8, 9, 10. Her compliance was to be "immediate." See Dkt. 68 at 14 and 15. After nine days and having had the opportunity to speak with the Honorable Kenneth J. Mansfield regarding what is required of her, Defendant Lee continues to be in violation of this Court's Order.

4

Defendant Lee cannot be said to have substantially complied with the Order because she has taken no action whatsoever since being ordered to take such action.

Defendant Lee's non-compliance is not based on a reasonable and good faith interpretation of the Enforcement Order. Provisions of the Enforcement Order at issue leave no room for interpretation. How can being specifically ordered to delete certain social media accounts be interpreted any other way? Defendant Lee accuses Plaintiff of misinterpreting the Enforcement Order regarding Defendant Lee being required to immediately cease use of the marks Reneau Kennedy, Dr. Reneau Kennedy, and/or any confusingly similar name on the internet. Defendant Lee apparently believes that she can continue to use Dr. Kennedy's name and likeness on the internet because she "believe[s] this is protected by the first amendment [sic]" despite the Enforcement Order that unequivocally states otherwise. See ex. 6. Evidently, Defendant Lee did not read or understand <u>Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.</u>, 174 F.3d 1036 at 1047 (9th Cir. 1999), the Enforcement Order cited in support of the injunctive relief it ordered. Nonetheless, not understanding or feigning ignorance is not a valid excuse for Defendant Lee's non-compliance. Nor does Defendant Lee's misunderstanding constitute a good faith and reasonable interpretation of the Enforcement Order.

Lastly, Plaintiff has shown Defendant's willful violation of this Court's Order by clear and convincing evidence. See Ex. 1-10 and Declaration of D. Brittin.

Throughout this case Defendant Lee has been apathetic and indifferent to this Court's time and authority. Defendant Lee continues to tarnish Dr. Kennedy's name and reputation with malicious posts remaining on the internet and various social media accounts despite this Court's Enforcement Order. Unfortunately, Defendant Lee's contumacy will not cease and her compliance will not be forthcoming without this Court holding her liable for civil contempt.

## IV. **CONCLUSION**

Based upon the foregoing egregious acts of Defendant, Plaintiff respectfully requests that this Honorable Court issue an order holding Defendant Lee in contempt of this Court's Enforcement Order with all appropriate and meaningful relief this Court is willing to provide to compel Defendant's compliance.

DATED: Honolulu, Hawaii, May 23, 2022.

/s/ *David G. Brittin*
MICHAEL L. LAM
DAVID G. BRITTIN
JAMES W. ROONEY
Attorneys for Plaintiff/Counterclaim Defendant
RENEAU C. KENNEDY, Ed.D