IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RENEAU C. KENNEDY, Ed.D,<br><br>Plaintiff,<br><br>vs.<br><br>VEE LEE aka VOEUTH LAY, JOHN DOES 1-15; JANE DOES 1-15; DOE ALIASES 1-100,<br><br>Defendants. | Case No. 20-cv-563-DKW-KJM<br><br>**ORDER (1) DECLARING DEFENDANT TO BE IN CIVIL CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND (2) IMPOSING SANCTIONS** |

On May 10, 2022, this Court ordered *pro se* Defendant Vee Lee to immediately delete certain social media accounts that infringe on Plaintiff Kennedy's trademark: Instagram @reneaukennedy, Facebook @drreneaukennedy, and Twitter @drreneaukennedy. Dkt. No. 68 ("May Order") at 14. After Lee failed to do so, Kennedy moved for a finding of civil contempt and the imposition of sanctions in order to compel Lee's compliance. Dkt. No. 73 ("Motion for Sanctions").

At a June 15, 2022 hearing on the Motion for Sanctions, Lee offered a plausible reason for her failure to delete the accounts—the loss of a phone number that was allegedly her only means of accessing the accounts. *See* Dkt. No. 80. The Court thus provided Lee an opportunity to provide evidence of her self-reported

1

*attempts* to comply. *Id.* Her response was inadequate: she provided documentation of what appears to be a recent attempt to deactivate the Twitter account but no evidence of any attempt to delete the Instagram or Facebook accounts after being directed to do so by the Court. *See* Dkt. No. 82.

Having given Lee ample latitude, the Court holds Lee in contempt of Court for her failure to comply with the May Order. As a sanction, Lee is directed to promptly pay $250.00 to the Clerk of Court and to perform the tasks outlined below.

## RELEVANT PROCEDURAL BACKGROUND[1]

On May 10, 2022, the Court (1) granted summary judgment in Kennedy's favor on Counts II and VI of her Complaint, Dkt. No. 1, and (2) awarded injunctive relief as follows:

> The Court hereby ORDERS Lee (1) to immediately cease use of the domain names reneaukennedy.com and drreneaukennedy.com and transfer ownership of those domains to Kennedy; (2) to immediately cease use of and delete the following social media accounts: Instagram @reneaukennedy, Facebook @drreneaukennedy, and Twitter @drreneaukennedy; and (3) to immediately cease use of the marks Reneau Kennedy, Dr. Reneau Kennedy, and/or any confusingly similar name on the Internet.

*Id.* at 14–15. The Court warned Lee that further relief may be warranted if her compliance was not "immediately forthcoming." *Id.* at 15.

---

[1] A detailed factual background is set forth in the May Order at 3–6.

On May 23, 2022, Kennedy alerted the Court that the three relevant social media accounts had not been deleted. Motion for Sanctions at 3. Kennedy requested that the Court order Lee to show cause as to why she had not fully complied with part (2) of the May Order[2] and, in the event of Lee's failure to show cause, requested that the Court hold Lee in civil contempt and impose monetary sanctions in order to compel compliance.[3] *Id.* at 4.

The Court set the Motion for Sanctions for hearing on June 9, 2022 and directed Lee to file any opposition to the Motion by May 31, 2022. *See* Dkt. No. 74. Lee did not file an opposition, nor did she appear at the June 9, 2022 hearing. *See* Dkt. No. 75. The Court proceeded with the hearing *in absentia*.

Following the June 9, 2022 hearing, the Court ordered Lee to show cause as to why she should not be held in contempt and/or subject to sanctions and instructed her to appear at a second hearing on June 15, 2022. *See* Dkt. No. 76. The Court also directed Kennedy to provide optional briefing regarding an appropriate remedy. *Id.* On June 13, 2022, Kennedy filed a letter brief, suggesting a fine of $500 per day per social media platform, for a total of $1,500 per day, so

---

[2] Both parties agree that Lee has ceased use of the three accounts, reflecting partial compliance with part (2). *See* Dkt. No. 80.

[3] Kennedy also requested that the Court issue a turnover order directing Instagram, Facebook, and Twitter to themselves delete the @drreneaukennedy and @reneaukennedy social media accounts. Motion for Sanctions at 3; *see also* Dkt. No. 77 at 2. The Court granted this request and issued the turnover order on June 27, 2022 without objection from Lee. Dkt. No. 83.

long as non-compliance persisted. Dkt. No. 77 at 1–2. The brief did not include information about Lee's financial situation or ability to pay. *See generally id.*

On June 14, 2022, Lee filed a written response stating, in relevant part:

> Defendant did not know there was a hearing scheduled on May 10th, 2022, nor [was she] made aware that there was a filing made by Petitioner prior. Defendant did not receive any motion via email or post office delivery. Had Defendant received the motion, Defendant would more than gladly respond. Defendant was informed during the settlement conference on May 17th, 2022 that Defendant did not respond to the motion filed by Plaintiff. . . . Defendant apologizes to the Court for Defendant's failure to show up for the scheduled hearings as well as failure to respond to any motions. Defendant is more than willing to respond to motions as well as attend all hearings.

Dkt. No. 79 at 2.[4]

---

[4] Kennedy has also asked for sanctions on the basis of "factual inaccuracies" in this response. *See* Dkt. No. 81. In particular, Kennedy asserts that Lee lied by saying she had not received "any motion" because she undoubtedly has received *some* motions. In fact, Kennedy claims Lee has repeatedly told self-serving stories about not having received court filings throughout this litigation.

It appears that Lee's statement that she never received "any motion" was referring to Kennedy's March 23, 2022 Motion for Summary Judgment (MSJ), Dkt. No. 56—the "filing made by Petitioner prior" to May 10. Dkt. No. 79 at 2. Lee confirmed this during the June 15 hearing when she displayed copies of *other* motions and filings she had received, including the Motion for Sanctions, and explained that she had been referring to the MSJ in Dkt. No. 79. *See* Dkt. No. 80. Lee also reiterated that she would not have lied about having received the MSJ, Motion for Sanctions, or hearing notices because she would have wished to oppose both motions and appear in her defense at the hearings.

At worst, Dkt. No. 79 seems to include an inadvertent inaccuracy. Thus, Kennedy's request for additional sanctions on this basis, Dkt. No. 81, is denied. That said, as a *pro se* party, Lee is reminded of the importance of clarity, precision, thoroughness, and forthrightness in all court communications and filings.

Both parties attended the June 15, 2022 hearing via video-teleconference.[5] Lee was given an opportunity to explain why she had failed to delete the three social media accounts, as ordered. Lee expressed a desire to comply with the Court's May Order but represented that she no longer has access to the social media accounts, as her previous access was tied to a phone number she no longer owns.[6] She claimed she made two attempts to either gain access to or delete the accounts—one before the May Order, when she first lost access, and one after—but the social media companies refused her requests because she could not prove that the accounts belonged to her—they are in Dr. Reneau Kennedy's name, not Lee's, and they are tied to a phone number Lee does not own.

The Court asked Lee whether she could provide any evidence of her attempts to delete the accounts. Lee answered in the affirmative, and the Court issued an order directing Lee to file such evidence by June 22, 2022. Dkt. No. 80.

On June 22, 2022, Lee submitted documentation of her attempts to delete the accounts. Dkt. No. 82. First, she stated that she is unable to provide correspondence with the social media companies from *prior to* the May Order because that correspondence resides in an email account to which she lost access in

---

[5] During this hearing, Lee asserted that she had not received notice of the June 9, 2022 hearing. *See* Dkt. No. 80. The Court confirmed Lee's mailing address, the same address used by the Court (and Kennedy) for service, and instructed Lee that she is responsible for staying abreast of case developments. *See id.*
[6] For this reason, she has not posted to or used the social media accounts in several months. *See* Dkt. No. 80.

February 2022.  Dkt. No. 82 at 2; *see also* Dkt. No. 82-3 (showing she cannot retrieve emails from the old email account).  Second, she provided undated screenshots of (1) an attempt to deactivate her @drreneaukennedy Twitter account, *see* Dkt. Nos. 82-1–2, and (2) a "support ticket" in which she reported to Twitter that the account is impersonating someone in violation of Twitter's policies.  *See* Dkt. No. 82-4.  She offered no evidence, however, of any attempt to delete the Instagram or Facebook accounts.[7]

## LEGAL STANDARD

Civil contempt "consists of a party's disobedience to a specific and definite [court] order by failure to take all reasonable steps within the party's power to comply."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  Failure to comply need not be intentional.  *See McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949).  A party moving for a finding of contempt must establish beyond clear and convincing evidence that the alleged contemnor violated the court's order.  *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).  A court may impose contempt sanctions in order to coerce future compliance.  *See, e.g.*, *Penfield Co. of Cal. v. Sec. & Exch. Comm'n*, 330 U.S. 585,

---

[7]Lee also noted that she voluntarily decommissioned her website portlockpredator.com—a website she previously created in order to post negative comments about Dr. Kennedy—as a token of good faith.  Dkt. No. 82 at 4.

590 (1947); *United States v. Powers*, 629 F.2d 619, 624 (9th Cir. 1980) (citing *Ex parte Terry*, 128 U.S. 289 (1888)).

## DISCUSSION

Lee illegally co-opted Kennedy's name on three social media platforms for the purpose of harming Kennedy's reputation. *See* May Order at 9–11, 13–14. Beyond any future remedy that may be determined at trial, it is imperative that the accounts are immediately deleted.[8]

Lee has now had over eight weeks to delete the accounts, even though the May Order directed her to do so "immediately." The Court appreciates that Lee has reportedly encountered difficulty in doing so. However, Lee was given the opportunity to demonstrate her efforts to comply, including before the May Order, after the May Order, or even after the June 15 hearing, at which the Court had the opportunity to speak to Lee for the first time.

Having assured the Court that she had made attempts at account deletion even before receiving the Court's instructions, Lee failed to present adequate evidence of these efforts. *See* Dkt. No. 82. In particular, she failed to show *any* attempts to delete the Instagram or Facebook accounts identified by the Court. Her loss of email access in February 2022, *see* Dkt. No. 82-3, is no excuse: even

---

[8]Although these social media accounts are currently "private," anyone in the Instagram, Facebook, or Twitter communities who searches for Dr. Kennedy may come across the accounts with their disparaging profile pictures and captions. Furthermore, anyone who has already "friended" the Facebook @drreneaukennedy account has access to the posts therein.

assuming that email account contains evidence of her deletion attempts, it would, at most, show that Instagram and Facebook refused her requests once—months before the Court ordered her to delete the accounts. Such one-time refusals would not justify Lee's failure to act in the face of the May Order. She was obligated to redouble her efforts at that time and, instead, appears to have done nothing. *See In re Dual-Deck*, 10 F.3d at 695 (requiring a party to "take all reasonable steps . . . to comply"). Lee's complacency reflects a misapprehension about the seriousness of the Court's direct orders. In sum, Kennedy has carried her burden of showing that Lee violated the Court's "specific and definite order," *see id.*, by not providing evidence of substantial compliance when directed to do so. *Bright*, 596 F.3d at 694.

## CONCLUSION

Lee is hereby held in civil contempt for failing to delete the three relevant social media accounts and/or failing to demonstrate diligent efforts to do so. In order to coerce Lee's compliance, Lee is hereby ORDERED to pay monetary sanctions in the amount of $250.00 to the Clerk of Court. Further, the Court hereby ORDERS Lee to do the following:

> (1) Immediately contact Instagram and Facebook via any reasonable means possible (*e.g.*, phone call, live chat, mail, email, help ticket) to request account deletion.
>
> (2) File documentation of each and every attempt to delete the accounts. Such documentation can and should include screenshots, a

>PDF copy of any email responses, and a written or typed log of what was attempted, including, for example, a log of any phone calls placed. All documentation should reflect dates and times, persons and companies contacted, and contact information relating to the persons or companies contacted.
>
>(3) Follow up with Instagram, Facebook, and Twitter on a regular basis (at least bi-weekly) to request status updates on deletion of the three accounts. Any communication with the companies, including reasons they refuse to delete the accounts, must be filed with the Court. If it is futile or technologically impossible to follow up with any company within this time frame, Lee must include a written statement explaining why.[9]

Lee should proceed proactively to secure deletion of the three accounts. More severe sanctions await if Lee fails to comply with this Order.[10]

IT IS SO ORDERED.

DATED: July 21, 2022 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

[9] Lee may use the turnover order, Dkt. No. 83, in her correspondence with the social media platforms.

[10] In briefing and oral argument, Kennedy also contended that Lee violated part (3) of the May Order by continuing to "use Dr. Kennedy's name and likeness on the Internet." *See, e.g.*, Motion for Sanctions at 3. As the Court explained at the June 9 and June 15 hearings, Dkt. Nos. 76, 80, "use" of Kennedy's mark under the common law and 15 U.S.C. § 1125(d), in the circumstances presented here, means *posing* as Kennedy, not posting content about Kennedy in the third-person. This is true even if the content has the effect of attracting Kennedy's potential clients to Lee's web content. Therefore, Lee is not in violation of part (3) of the May Order at this time.