IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RENEAU C. KENNEDY, Ed.D, | Case No. 20-cv-563-DKW-KJM |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS AND DECLINING TO IMPOSE SANCTIONS** |
| vs. | |
| VEE LEE aka VOEUTH LAY, JOHN DOES 1-15; JANE DOES 1-15; DOE ALIASES 1-100, | |
| Defendants. | |

Almost seven months after the deadline to file dispositive motions, Plaintiff Reneau C. Kennedy moves to dismiss Defendant Vee Lee's counterclaims for (i) declaratory judgment of non-infringement and (ii) abuse of process, asserting that Lee's counterclaims lack merit and that she has failed to prosecute them.  Dkt. No. 113.  Whether or not there is any merit to Kennedy's motion, because it is untimely[1] and Plaintiff offers no explanation for her untimeliness, the motion is DENIED.[2]

---

[1]The dispositive motions deadline was March 23, 2022, *see* Dkt. No. 48, and the instant motion was filed on October 14, 2022.
[2]Lee opposed the motion to dismiss on October 25, 2022, and Kennedy replied on November 4, 2022.  Dkt. Nos. 116–17.

To the extent Kennedy suggests her inability to meet the dispositive motions deadline is because of *post-deadline* conduct by Lee, *see* Dkt. No. 113 at 2 n.1,[3] the Court finds such conduct does not warrant, or come close to warranting, claims termination.[4]  Kennedy, for instance, attacks Lee for, among other things, failing to make expert disclosures and failing to propound discovery.  *Id*.  Nothing requires Lee, however, to proceed with experts or to issue discovery.  If she chooses to do neither, that election is not sanctionable, much less to the degree of claims termination.  Similarly, though it is true that Lee has failed to timely file her final pretrial statement and trial brief by the deadlines imposed by the Court,[5] *see* Dkt. No. 48 ¶¶ 1–2, 4, 29, such a severe and final sanction as dismissal of her counterclaims would be applied, if at all, as a last resort.[6]  *Cf.*  Fed.R.Civ.P. 37(b)(2)(A), 37(d)(3).

---

[3]*See* Dkt. No. 113 at 2 n.1 ("Plaintiff acknowledges that the deadline for filing of dispositive motions occurred on March 23, 2022[;] however, . . . [s]ince the closing of the dispositive motions deadline, Defendant has failed to make expert disclosures (due March 23, 2022), failed to propound discovery requests (discovery deadline was June 24, 2022), failed to serve and file a pre-trial statement (due July 5, 2022), and failed to file a trial brief (due August 9, 2022).").
[4]Disposition for *pre-deadline* reasons, such as a failure to state a claim or the absence of evidence, should, of course, have been sought before the March 23, 2022 dispositive motions deadline.  Why Kennedy did not, since as she asserts, "Defendant has not even alleged the correct elements of [her] cause[s] of action," is a mystery.  *See* Dkt. No. 113-1 at 12.
[5]The pretrial statement and trial brief were due on July 5, 2022 and August 9, 2022, respectively
[6]If Lee has not filed her final pretrial statement and trial brief by the final pretrial conference, the Court will address the matter with Lee at that time.  Preliminarily, Lee claims to have been confused about the deadline for each document.  *See* Opposition, Dkt. No. 116 at 4 (stating Lee thought the Court's August 12, 2022 Order regarding Lee's responses to motions in limine and the Court's continuance of trial to January 30, 2023 meant she had "more time to respond" to all deadlines).  The Court's orders regarding motions in limine and trial continuance had no impact on the deadlines for Lee's trial briefs.  *See* Dkt. Nos. 85, 87–91 (specifically stating that "[a]ll pretrial dates [would] remain in place").  To be clear, Lee's final pretrial statement and trial brief

Also within the motion to dismiss is a litany of additional reasons that Kennedy believes it appropriate to sanction Lee, including via dismissal of Lee's counterclaims: (i) failing to pay the $250.00 sanction imposed by this Court on Lee on July 21, 2022, *see* Dkt. No. 93, (ii) failing to respond to Kennedy's discovery requests[7], (iii) identifying trial exhibits that may be inadmissible[8], and (iv) allegedly misleading the Court by claiming she removed a website from the Internet when she had not.[9]

The Court declines to do so. First, since the filing of Kennedy's motion to dismiss, Lee has paid the $250.00 sanctions previously imposed by the Court. *See* Dkt. No. 115. No additional sanctions are necessary to compel Lee's compliance. Second, though Kennedy is correct that the failure to respond to discovery requests may be sanctionable, there is a process for bringing such a discovery-related motion to the attention of the Court—one more involved than merely tacking the

---

are now overdue. *See* Local Rule 16.4(b) (advising litigants as to the contents of pretrial statements).

[7]Declaration of David G. Brittin ("Brittin Decl.") ¶ 6, Dkt. No. 113-2 ("[Lee] has not engaged in meaningful discovery with [Kennedy]. By way of example, [Lee] has failed, neglected or refused to: (a) respond to [Kennedy]'s First Amended Requests for Documents and Answers to Interrogatories, (b) produce documents or answers to interrogatories, (c) disclose identities or written reports of any person who may be called as a witness in this case, (d) propound discovery requests upon [Kennedy], or (e) serve notices of taking depositions.").

[8]*Id.* ¶ 7 (stating Lee's proposed exhibits are "blatantly inadmissible as they are subject to seal by Order of the Family Court of Hawai'i, including the custody evaluation report that [Kennedy] prepared in [Lee]'s divorce and custody proceeding"). *But see* Lee's Opposition, Dkt. No. 116 at 4–5 (stating that "the majority of the exhibits" are not under seal).

[9]The www.portlockpredator.com domain now redirects to Lee's @portlockpredator Instagram account, which contains a cartoon image of Dr. Kennedy with horns and a mustache. *Id.* ¶ 8.

complaint on to another motion, and one with which Kennedy has not complied.[10]

Third, there is a time and place to discuss the admission of trial exhibits, and it is

not here.  If an individual trial exhibit needs to be excluded or sealed, in whole or

in part, that may be discussed at the final pretrial conference or during trial.

Simply including such a document on a trial exhibit list hardly warrants claims-

terminating sanctions.  Fourth, it does not appear that Lee "misrepresented" her

actions to the Court by saying she "removed the website PortlockPredator.com that

housed [her] blog about [Kennedy]."  Dkt. No. 82 at 3.  Lee's lengthy blog and

website content, in fact, no longer exist, even though the domain does and redirects

to the @portlockpredator Instagram account.  *See* Dkt. No. 116 at 6.  Moreover, as

Lee notes, the Court never directed Lee to remove this website, and she is free to

"reactivate the website" if she wishes to do so.  *See id.*[11]

---

[10]*See, e.g.*, LR 37.1 ("The court will not entertain any motion pursuant to Fed.R.Civ.P. 26 through 37 . . . unless counsel have previously conferred, either in person or by telephone, concerning all disputed issues . . . , in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion . . . .  Electronic or letter communications are not a substitute for the conference.").

[11]Kennedy's motion also requests an additional pretrial conference.  *See also* Dkt. No. 116 at 7 (stating Lee does not oppose this request).  That request is denied without prejudice.  With trial pending on January 30, 2023 before the undersigned, the parties' final pretrial conference is currently scheduled for December 12, 2022 at 9:45 a.m. before the assigned Magistrate Judge. *See* Dkt. No. 92.  This Court will also set its own final pretrial conference, to occur within two weeks of the trial date.  The Court sees no present need for what would be a *third* pretrial conference.

IT IS SO ORDERED.

DATED: November 15, 2022 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge