IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RENEAU C. KENNEDY, Ed.D, <br><br>Plaintiff, <br><br>vs. <br><br>VEE LEE aka VOEUTH LAY, JOHN DOES 1-15; JANE DOES 1-15; DOE ALIASES 1-100, <br><br>Defendants. | Case No. 20-cv-563-DKW-KJM <br><br>**ORDER TO SHOW CAUSE** |

Less than one month from trial, Defendant/Counterclaim Plaintiff Vee Lee has yet to file her final pretrial statement in this case, despite having been afforded *numerous* opportunities to do so. As explained more fully below, because Lee has failed to file this statement and otherwise comply with the Court's orders and instructions, Lee is hereby ORDERED TO SHOW CAUSE as to why final judgment should not be entered in favor of Plaintiff/Counterclaim Defendant Reneau Kennedy on all remaining claims.

## DISCUSSION

Lee's final pretrial statement was initially due on July 5, 2022. Dkt. No. 48; *see also* Dkt. No. 122 at 1. On October 14, 2022, Kennedy filed a motion, notifying the Court that Lee had failed to file this statement and requesting that the

Court impose terminating sanctions as a consequence. Dkt. No. 113. After acknowledging that "Lee ha[d] failed to timely file her final pretrial statement . . . by the deadline[] imposed by the Court," the Court denied Kennedy's motion, concluding that "such a severe and final sanction as dismissal of [Lee's] counterclaims would be applied, if at all, as a last resort." Dkt. No. 119 at 2. The Court instructed, however, that "[i]f Lee ha[d] not filed her final pretrial statement . . . by the final pretrial conference," which at that time was scheduled for December 12, 2022 via VTC before the assigned Magistrate Judge, *see id.* at 4 n.11, the Court would "address the matter with Lee at that time." *Id.* at 2 n.6.

By December 12, 2022, Lee had still not filed her final pretrial statement, along with numerous other trial documents. Dkt. No. 122 at 1–2. Additionally, Lee failed to *appear* at the conference. *See* Dkt. Nos. 120 (stating that "3 calls [to Lee] were made [by court staff] at 9:30 a.m., [with] no response"); 122 at 2.[1]

As a result, on December 19, 2022, the Magistrate Judge ordered Defendant Lee to show cause in writing as to why she should not be sanctioned. *Ibid.* at 1–2. The Order to Show Cause provided a detailed outline of the trial documents that were missing and specifically highlighted for Lee the importance of the final pretrial statement:

---

[1] At that conference, in Lee's absence, trial was continued from January 30, 2023 to March 20, 2023 at 9:00 a.m., Dkt. No. 120, and, in light of the new trial date, this Court scheduled another final pretrial conference for March 10, 2023. Dkt. No. 121.

2

> The Final Pretrial Statement is a significant document that directs the parties to provide 22 categories of information to the Court and other parties, including the alleged basis for jurisdiction, witnesses to be called, exhibits, outstanding discovery or motions, status of settlement discussions, and estimated length of trial. It is not a document that a party may simply ignore.

*Id.* at 2. On January 6, 2023, Lee responded in writing. Dkt. No. 123. With regard to her failure to appear at the hearing, she blamed internet connectivity issues and explained that by the time she was able to connect—fifteen minutes late—the VTC was already being terminated. Dkt. No. 123 at 2. She also provided evidence that she had received no incoming calls from the courthouse at her phone number (808-829-6815). Dkt. No. 123-2 (copy of Lee's phone records reflecting no incoming calls). With regard to the tardy trial documents, she provided various excuses and promised to file them all by January 16, 2023. Dkt. No. 123 at 4–5.[2] On January 11, 2023, the Magistrate Judge withdrew the order to show cause, citing Lee's *pro se* status. Dkt. No. 125.

On January 16, 2023, Lee belatedly submitted the following trial documents: a trial brief, proposed voir dire, proposed jury instructions, proposed verdict form,

---

[2]Lee also attached as an exhibit an email from herself to the Magistrate Judge's Courtroom Manager at 9:07 a.m. on December 12, 2022, confirming the timing of that morning's final pretrial conference and asking for clarification on which filings were due. Dkt. No. 123-1 ("My other question, and would like to apologize for my ignorance; but ever since we changed the date of the trial, I'm trying to understand if anything else in our scheduling order has changed[;] I don't want to miss anything and have a problem understanding it all completely[.] I don't want to be late submitting exhibits."). The Courtroom Manager replied, confirming the timing of the hearing and instructing Lee to address the filings question to the Magistrate Judge during the hearing. *Id.*

and concise statement of the case. Dkt. Nos. 127–131. She persisted, however, in failing to submit a final pretrial statement.[3]

On February 16, 2023, Lee filed a motion to continue trial, and, on February 17, 2023, Kennedy filed a letter requesting a status conference before this Court in advance of the March 10, 2023 final pretrial conference, noting Lee's continued failure to file a final pretrial statement. Dkt. No. 137. The Court set a hearing for February 23, 2023 at 9:00 a.m. via VTC, intending to address both Lee's motion and Kennedy's concerns therein. Dkt. No. 138. Additionally, as described in the February 23 hearing minutes, the Court undertook exceedingly diligent efforts to contact Lee directly in order to ensure her awareness of and attendance at the hearing, given her history of failing to appear at prior hearings, claiming lack of notice. *See* Dkt. No. 139 (noting the Court's attempts to notify Lee of this status conference not only by docket entry and mail, but also by numerous emails and numerous phone calls to both of Lee's phone numbers on file, none of which Lee answered); *see also, e.g.*, Dkt. Nos. 49, 76, 120 (reflecting instances of Lee's *prior* failures to appear at hearings in this case). Despite these efforts, Lee failed to appear at the February 23 status conference. *See* Dkt. No. 139.

---

[3]On February 7, 2023, the parties engaged in a further settlement conference with the Magistrate Judge, after which the parties remained at an impasse and stated they were prepared to proceed to trial as scheduled on March 20, 2023. Dkt. No. 132.

The Court's patience has worn thin. The Court has the authority under Local Rule 81.1(a) to impose terminating sanctions against *pro se* litigants, "including but not limited to entry of default judgment or dismissal with prejudice" for a litigant's failure to comply with Court orders and instructions. LR 81.1(a); *see also* LR 11.1 ("Failure of counsel or a party to comply with any provision of the Local Rules is a ground for imposition of sanctions, including a fine or dismissal. Sanctions may be imposed by the court sua sponte consistent with applicable law."); Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders, including [sanctions] authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order.").

Sanctions of this nature are not a step the Court takes lightly or without first considering alternatives. However, Lee's final pretrial statement is now *long* overdue. Although, at least twice now, this Court has declined to sanction Lee for her failure to file this document, it has in no way indicated that she need not do so. On the contrary, as discussed above, this Court has consistently instructed Lee to do so, repeatedly accommodating her *pro se* status and extending the deadline for compliance. In fact, after her latest failure to file was brought to the Court's

attention, *see* Dkt. No. 137, Lee was given *yet another* chance to appear today and explain herself, but she has instead neglected to appear altogether, or, indeed, to make herself accessible and privy to court communications regarding this case. With trial less than a month away, including the need to issue jury summons' and incur significant related expenses, Lee's failures to comply with Court orders are extremely concerning, prejudicial to the Court's ability to manage its docket and resources, and prejudicial to Kennedy's ability to litigate her own claims and defend against Lee's counterclaims in good faith.

 Lee will be given one final chance to file her final pretrial statement. She is ORDERED to file this document by Monday, February 27, 2023. This document must follow the content guidelines set forth in Local Rule 16.4. *See also* Fed. R. Civ. P. 16(c). Specifically, along with all of the other requirements described in Local Rule 16.4, this document must address Lee's counterclaims for Declaratory Judgment and Abuse of Process by: (i) stating whether Lee intends to proceed to trial on or to dismiss one or both counterclaims, (ii) detailing the nature of and basis for any counterclaim on which she intends to proceed, in light of the Court's prior decision granting summary judgment in Kennedy's favor on two claims, Dkt. No. 68, and (iii) describing in detail the evidence Lee intends to offer at trial to establish any counterclaim on which she intends to proceed, including by

identifying the relevant witnesses she intends to call and providing a general description of their expected testimony.

Lee is additionally ORDERED TO SHOW CAUSE in writing by Monday, February 27, 2023 as to why judgment should not be entered in Dr. Kennedy's favor on all remaining claims—to include Kennedy's claims on which this Court has previously denied summary judgment and Lee's counterclaims—as a consequence for Lee's failure to appear at today's hearing, submit the required filings, and otherwise comply with the Court's orders. The Court echoes the Magistrate Judge's December 19, 2022 warning: "The Court has given ample consideration to Lee's *pro se* status throughout the nearly two years this case has been pending . . . . The Court has repeatedly warned Lee about the need for her to meet her court obligations, and she remains obligated to comply with filing deadlines." *See* Dkt. No. 122 at 3.

If Lee (i) fails to submit her final pretrial statement by Monday, February 27, 2023, consistent with the requirements outlined above, (ii) fails to show written cause as described above by Monday, February 27, 2023, or (iii) fails to appear at the status conference now delayed to and scheduled for March 3, 2023, *see* Dkt. No. 139, the Court intends to vacate the March 20, 2023 trial date, impose terminating sanctions, and enter judgment in Kennedy's favor on all remaining

claims and counterclaims as appropriate, with the only remaining issue thereafter to be the determination of damages owed to Kennedy.

  IT IS SO ORDERED.

  DATED: February 23, 2023 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge